﻿Citation Nr: 18124202
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 14-09 378
DATE: August 6, 2018
ORDER
Service connection for obstructive sleep apnea (OSA) is granted.
FINDING OF FACT
Resolving reasonable doubt in the Veteran’s favor, his obstructive sleep apnea manifested during active service.
CONCLUSION OF LAW
The criteria for service connection for obstructive sleep apnea have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active duty in the Air Force from July 1983 to July 2009. 
This matter is on appeal to the Board of Veterans’ Appeals (Board) from a July 2011 rating decision of a regional office of the Department of Veterans Affairs (VA). 
In May 2017, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge of the Board. A transcript of the hearing is associated with the record. 
Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).
Given the competent medical evidence of record and lay testimony, the Board finds service connection for obstructive sleep apnea is warranted. 
In so concluding, the Board finds highly probative the statement from the Veteran’s treating physician, M.E.D., M.D., who opined that there is clear evidence that the Veteran suffered from obstructive sleep apnea prior to retirement from the Air Force and had onset of symptoms of OSA in service. The physician indicated that given the numerous references of the Veteran’s daytime fatigue, somnolence and snoring, the Veteran clearly had this condition for quite some time, and a diagnosis of severe obstructive sleep apnea was confirmed within six months of separation from service in February 2010. Further, the physician cites to excerpts from current literature that “daytime sleepiness is a common feature of OSA. However, it may go unnoticed or its significance may be underestimated because of its insidious onset and chronicity.” The physician clearly based her opinion on her knowledge of the Veteran’s medical history, personal treatment, and medical literature to support a finding that the Veteran’s current condition of obstructive sleep apnea is etiologically related to service. See Statement from M.E.D., M.D., Medical Director at Barquist Army Health Clinic dated September 2012 and received May 2017. 
The record also reflects the Veteran’s credible testimony at the May 2017 hearing and testimony presented by his spouse reflecting her competent observations of the Veteran’s long history of snoring, breathing problems, and symptoms later diagnosed as severe obstructive sleep apnea. Additionally, the Veteran is competent to report the occurrence of symptoms which are within his realm of personal and firsthand knowledge. See Barr v. Nicholson, 21 Vet. App. 303, 307-08 (2007) (holding that lay testimony is competent to establish the presence of observable symptomatology); see also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 
Based on the foregoing and resolving all reasonable doubt in the Veteran’s favor, the Board finds that service connection for obstructive sleep apnea is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 
BARBARA B. COPELAND
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD S. An, Associate Counsel